IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JESUS GUZMAN, et al.,**

    **Plaintiffs,**

**vs.**                                                    **No. CIV 08-0060 JH/ACT**

**UNITED STATES OF AMERICA, et al.,**

    **Defendants.**

**FINDINGS AND RECOMMENDATION**[1]

**THIS MATTER** comes before the Court on a Motion to Approve Settlement by Mary Garcia, Personal Representative of the Estate of Javier Guzman, filed January 28, 2009. [Doc. No. 101]. The Court conducted a fairness hearing on February 19, 2009.

Peter H. Johnstone was appointed the *guardian ad litem* for Javier Guzman, Jr., on December 10, 2008. [Doc. No. 97]. Mr. Johnstone filed his report on February 25, 2009. [Doc. No.107].

FINDINGS

Plaintiffs filed their Complaint on January 16, 2008, alleging that Javier Guzman died as a result of negligent actions on the part of the defendants in this case. The case involves allegations of negligence relating to the prescription of psoriasis medicine, known as Methotrexate, to the

---

[1]Timely objections may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendation that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendation with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendation. If no objections are filed, no appellate review will be allowed.

decedent and allegations of malpractice by Memorial Medical Center. The United States of America was named as a party defendant as a result of alleged negligent acts or omissions to act on the part of federal employees pursuant to 28 U.S.C. §1346(b); Memorial Medical Center was joined with similar allegations; Walgreens Company on allegations of negligence pertaining to the prescription for Methotrexate; and Lucia Tia Corro, M.D. on allegations of negligence. All Defendants denied the allegations.

The litigation proceeded, and the *guardian ad litem's* report noted that costs were increasing and there were issues as to liability. A settlement conference was held on October 27, 2008, where all claims except those against Defendant Corro were settled for $475,000.00, pending a fairness hearing. On February 23, 2009, Jesus Guzman, Margaret Guzman, Jose Guzman, Sonya Guzman, and Mary Garcia filed a Rule 41 Stipulation of Dismissal with Prejudice of all individual claims asserted against the Defendants in this matter. [Doc. No.106]. On March 4, 2009, Judge Herrera entered a Stipulated Order of Dismissal With Prejudice Pursuant to Rule 41 in which all Plaintiffs stipulated to dismissal with prejudice all claims pending against Lucia Corro, M.D. [Doc. No. 109].

The minor child, Javier Guzman, Jr., is the biological child of Brenda Tafoya and Javier Guzman, the decedent in this matter. The minor child was born on August 13, 1996. There was no marriage between Brenda Tafoya and Javier Guzman. At the time of his father's death, the minor child resided with his father in Las Cruces, New Mexico. The minor child's mother and father separated in 2004, and Ms. Tafoya returned to the Jemez, New Mexico, region where she still resides today. The minor child has been living with his mother since the death of his father on June 22, 2006. Brenda Tafoya is employed by the State of New Mexico at the Jemez State Monument where she works as a park attendant. Mother and son live in a home that was owned by the decedent at the time of his death. The address of the residence is 4928 Highway 4, Jemez


Pueblo, New Mexico 87024. The current payoff on the mortgage on the residence is $49,282.68. The minor child is currently receiving Social Security benefits as a result of his father's death and those will continue as a result of the proposed financial plan set forth by the Personal Representatives of Mr. Guzman's estate. The minor child's medical insurance needs are currently being met with the aid of Medicaid. That coverage will be continued, at least through the minor child's minority years.

The terms of the settlement are as follows:

The total amount of the settlement is $475,000.00. Attorney fees totaling $87,500.00 (25% of the Estate's recovery), and the Estate's share of the costs totaling $15,829.30 (64.29% of the total costs incurred) will be paid from this amount. $125,000.00 will be paid to Sandra Tarazon and Priscilla Rouse for their loss of consortium claims. Part of the remaining $246,670.70, up to $57,681.56 will be used to pay Medicaid and Medicare liens for benefits paid on behalf of the decedent. From the remaining $188,989.14, no more than $57,936.80 will be used to satisfy the mortgage on the minor child's residence, which is an estate asset, and for construction bills and utility obligations currently outstanding.

The remaining funds of $131,052.34 are to be invested in an annuity to be secured through the services of Structured Financial Associates, Inc. It is anticipated that the structured payments will be made in equal amounts and paid to a Special Needs/Educational Trust when the minor child reaches the age of eighteen (18), twenty (20), twenty-two (22), and twenty-four (24), or as otherwise agreed upon by the parties. The primary purpose of the Trust is for educational purposes. The Trust will be maintained until the minor child reaches the age of twenty-eight (28) years, at which time the Trust will terminate, and any amounts due Medicaid shall be reimbursed and the monies that

remain after such reimbursement shall be distributed to the then adult person. The Trustees of the Special Needs Trust will be Mary M. Garcia and Jose Guzman, brother of the decedent.

Mary M. Garcia, Personal Representative of the Estate of Javier Guzman, testified at the fairness hearing that she understood that this is the total amount that will be paid for all claims that would benefit Javier Guzman, Jr. and that Javier Guzman, Jr. would not receive any additional money from any of the Defendants.  She understood that no other claims can be brought on her behalf or on the behalf of Javier Guzman, Jr,. or anyone related to Javier Guzman, Jr.  She understood that $125,000 of the $475,000 total settlement was to be paid to two plaintiffs, Sandra Tarazon and Priscilla Rouse, for loss of consortium.  Ms. Garcia understood that she did not have to settle and that she could go to trial where she could receive more money, less money,  or no money at all.  No one has forced or coerced her to settle. Ms. Garcia was not under the influence of drugs or alcohol when she agreed to the settlement nor on the date of the fairness hearing.

Ms. Garcia has talked to Brenda Tafoya, and Ms. Tafoya understands the terms of the settlement and understands that the money being paid is to Javier Guzman, Jr. personally and the money is to be used solely for Mr. Guzman's benefit.  Ms. Garcia is aware that some of the settlement proceeds  will be used to pay attorney fees and costs, some will be used to pay two liens by Medicaid and Medicare, and some will be used to pay the mortgage and for repairs on the home in which Mr. Guzman now lives.  Ms. Garcia further understands that an annuity will be purchased on Mr. Guzman's behalf which will be disbursed with equal payments as outlined above.  Ms. Garcia is satisfied with the terms of the settlement and to her knowledge, Brenda Tafoya is satisfied with the terms of the settlement. Ms. Garcia understands that if the attorneys are able to negotiate a lower amount to satisfy the Medicaid and Medicare liens, the difference will be applied to the

annuity.  Ms. Garcia has spoken with the *guardian ad litem* and agrees with his recommendation to settle.  She wants the Judge to recommend the settlement in this matter.

<p style="text-align:center">CONCLUSIONS OF LAW AND RECOMMENDATION</p>

After consideration of the evidence and the testimony of the witness, as well as the presentation of counsel, the Court concludes that it has jurisdiction over the parties and subject matter.

The Court further concludes that the settlement is fair and reasonable under the circumstances, and acceptance of the settlement is in Javier Guzman, Jr.'s best interests.

The Court therefore recommends that the settlement be approved and that the claims against all Defendants be dismissed with prejudice.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**